Sohan Singh NANDHA, Petitioner,

v.

Alberto R. GONZALEZ, Respondent.

No. 04–75087.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Nov. 22, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John J. Andre, Esq., Alison Marie Igoe, Esq., Sarah Maloney, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM *

Sohan Singh Nandha petitions for re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

view of an order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of Nandha's applications for asylum and other relief.

The IJ's conclusory statement about the credibility of Nandha's claim[1] is not sufficiently clear or specific to constitute an adverse credibility ruling. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003) (rejecting adverse credibility inference where "IJ neither found Petitioner credible nor remained completely silent as to his credibility"). The BIA also failed to address credibility. Nandha is entitled to a presumption of credibility on appeal. *See Briones v. INS*, 175 F.3d 727, 730 (9th Cir.1999) (en banc).

Nandha's testimony compels us to conclude that he demonstrated past persecution on account of actual or imputed political opinion. Nandha's attempt to participate as a witness in a police-misconduct inquiry in December 2001 was at least a partial motivation for the actions by the police.[2] *See Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000) ("Refusal to accede to government corruption can constitute a political opinion for purposes of refugee status."). The record does not support the conclusion that Nandha's persecutors were motivated solely by "purely personal retribution .... completely untethered to a governmental system." *Id.* at 1181 n. 3.

We remand to the BIA for an express credibility finding. *See Hartooni v. INS*, 21 F.3d 336, 343 (9th Cir.1994) (remanding where IJ raised doubts about applicant's credibility but made no express adverse credibility finding). If the BIA accepts Nandha's testimony as credible, the BIA may determine on that basis whether Nandha meets the statutory eligibility requirements for asylum, withholding of removal and relief under the Convention Against Torture. *See Mendoza Manimbao*, 329 F.3d at 663.

PETITION GRANTED and REMANDED.

---

1. Because the parties are familiar with the facts of the case, we do not recite them in detail in this disposition.

2. Nandha also presented evidence of two other detentions by the police. Only the incident in December 2001 supports Nandha's asylum claim.

